**CITY OF COLUMBUS, Appellant and Cross–Appellee,**

**v.**

**TRIPLETT, Appellee and Cross–Appellant.**

[Cite as *Columbus v. Triplett* (1998), 127 Ohio App.3d 434.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 97APE09–1206.

Decided April 30, 1998.

**436**

*Shuler, Plank, Morgan & Brahn, Gordon P. Shuler* and *Samantha A. Shuler,* for appellant and cross-appellee.

*James Triplett, pro se.*

CLOSE, Judge.

This is an appeal from the judgment of the Franklin County Court of Common Pleas awarding fees and expenses to James Triplett, defendant-appellee and cross-appellant, as a result of an abandoned appropriation action by the city of Columbus, plaintiff-appellant and cross-appellee.

This action culminates litigation that has continued from at least 1985 concerning the River Place Community Urban Redevelopment Corporation ("River Place") and Triplett. In 1980, the Columbus City Council, pursuant to R.C. Chapter 1728, adopted a resolution that declared a portion of the city to be blighted. This action enabled that particular property to be acquired for redevelopment by the city through the eminent domain power, so the city entered into an agreement with River Place to do the redevelopment. Triplett owned AAAA Enterprises, Inc., which owned property in the blighted area. AAAA Enterprises filed a declaratory judgment action challenging the city's authority to acquire its property by eminent domain. After several appeals, a remand, and more appeals, it was determined that the city had the authority to acquire Triplett's property (AAAA Enterprises conveyed the property to Triplett during this litigation).

During the appeals process of the declaratory judgment action, the city filed a petition to appropriate Triplett's property. Because the declaratory judgment action was still pending on appeal when the appropriation was filed, the trial court was delayed in determining that the city could appropriate Triplett's property. After the trial court determined that the city could go forward, a jury determined the amount of compensation that the city owed Triplett for the loss of his property in October 1992. Attorneys Ronald Noga and John Tanoury represented Triplett in this trial, but Triplett dismissed them when the trial concluded. Triplett then appealed the judgment, and the judgment was affirmed in part and reversed in part.

The appropriation case was tried a second time to a jury in 1994, but a mistrial resulted because of Triplett's conduct during the trial. Ultimately, the case was tried to a jury for a third time in 1995, resulting in a verdict. The judgment entry vesting title to the city upon its payment of compensation was filed on February 23, 1995.

Subsequently, the city filed its notice of abandonment of the appropriation in accordance with R.C. 163.21. Pursuant to that section, Triplett is entitled to fees and expenses. As hearings before the trial court began in an attempt to determine fees and expenses, Noga and Tanoury moved to intervene, claiming that they were entitled to an award of attorney fees because Triplett had terminated their service, refused to pay their fees, and refused to seek the fees on their behalf. The trial court denied their motion to intervene, but determined that they were entitled to attorney fees from the 1992 trial, ordered the city to pay their fees directly to them, and ruled that Noga and Tanoury would need to prove the value and reasonableness of their fees. After this decision, several status conferences occurred. However, there was never an evidentiary hearing conducted on any other fees or expenses, although numerous hearings were set.

Ultimately, as a result of a status conference on June 14, 1996, the trial court awarded Triplett expenses in the amount of $56,025.80 despite the fact that it had not taken evidence in a formal proceeding. In its judgment, the trial court stated that Noga and Tanoury were entitled to their attorney fees, but the trial court did not award the fees to them in the judgment. Triplett moved for a new trial. The trial court denied Triplett's motion for a new trial in a modification of judgment entry in which it awarded Triplett additional fees and expenses, increasing his total award to $59,175.80.

An appeal of the trial court's decision was attempted, but problems arose due to the trial court's failure to award fees to Noga and Tanoury. Ultimately, the claims of Noga and Tanoury were settled, and, on August 18, 1997, the trial court entered a final order reflecting the settlement and dismissal of the attorney fees

**438**

claims. This entry is the final appealable order. The city appealed, and Triplett cross-appealed.

The city sets forth four assignments of error:

"ASSIGNMENT OF ERROR NO. 1.

"The trial court erred by making an award of fees and expenses to Defendant–Appellee James Triplett under R.C. 163.21, Triplett having failed to present any competent, credible or admissible evidence in support of his claim for such an award.

"ASSIGNMENT OF ERROR NO. 2.

"The award of fees and expenses made by the trial court to Defendant–Appellee James Triplett under R.C. 163.21 is against the manifest weight of the evidence and contrary to law.

"ASSIGNMENT OF ERROR NO. 3.

"The trial court erred by denying the motions of Plaintiff–Appellant City of Columbus for an order compelling Defendant–Appellee James Triplett to make application for fees and expenses under R.C. 163.21 and for an order compelling Triplett to respond to the City's discovery requests.

"ASSIGNMENT OF ERROR NO. 4.

"The trial court erred by failing to conduct an evidentiary hearing and thereby denying Plaintiff–Appellant City of Columbus the opportunity to cross-examine and defend against the claims for fees and expenses under R.C. 163.21 of Defendant–Appellee James Triplett."

Germane to all of the city's arguments is the claim that Triplett should not be allowed any fees or compensation at this point because of a consistent refusal to submit in meaningful form any discovery related to those fees. The city specifically cites the language in the trial court's decision of January 16, 1996: "Defendant has filed with the Court and has furnished counsel for plaintiff with a voluminous sheaf of documents, none of which are of sufficient clarity or authentication to serve as evidence upon which to base an award of expenses to defendant." All four of the city's assignments of error are interrelated and shall be addressed together.

The city claims that an evidentiary hearing should have been conducted so that evidence could have been presented, that the trial court erred in failing to compel the requested discovery, and that as a result thereof, the award by the trial court was against the manifest weight of the evidence and was unsupported by any evidence. The city's assignments of error are well taken and are sustained. The judgment of the trial court is reversed.

After the final jury verdict was rendered in 1995, the city filed an abandonment. R.C. 163.21(A)(2) then requires the trial court to enter judgment against the appropriate authority for costs, including jury fees, and to enter judgment in favor of the owner of the property for witness fees, including expert witness fees, attorney fees, and other actual expenses. In its initial award, without any evidentiary basis from a hearing, the trial court awarded fees to two appraisers and an architect, three attorneys, an engineer, and three family members. The trial court then supplemented that award with an additional amount at a later time.

■ We are well aware that a judgment supported by competent, credible evidence going to all of the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence. *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578, syllabus; *Norman v. Ohio State Univ. Hosp.* (1996), 116 Ohio App.3d 69, 686 N.E.2d 1146. However, the trial court never conducted an evidentiary hearing at which competent, credible evidence could be presented. This court previously has stated that, under R.C. 163.21(A), the trial court itself determines the judgment for costs, fees, and expenses pursuant to an evidentiary hearing. *Columbus v. AAAA Enterprises, Inc.* (Mar. 31, 1997), Franklin App. No. 96APE09–1240, unreported, 1997 WL 142703. Nonetheless, even if an evidentiary hearing had occurred, the trial court's judgment was still in error.

■ Pursuant to R.C. 163.21(A), Triplett is entitled only to witness fees, including fees for expert witnesses, attorney fees, and other actual expenses incurred that are reasonably necessary for the presentation of the case. As an additional limitation, Triplett can receive fees and expenses only for the 1992 and the 1995 trials, because the 1994 mistrial resulted from Triplett's own actions; therefore, he cannot recover fees and expenses for that trial. Within these limitations, we find that Triplett would be entitled to attorney fees for the payment of Hugh Kirkwood, Debra DeSanto, David Douglas, and David Heier, and to the retainer paid to Noga if Triplett proves the fees in an evidentiary hearing and proves that they resulted from the appropriation proceedings. We also find that Triplett apparently has appraiser expenses from services by Robert Metzger and Ronald Davis to which he would be entitled if proven in an evidentiary hearing. However, because neither an architect's opinion nor an engineer's opinion is relevant to the value of property, there is no way that David Clary and Antonio Garcia are entitled to fees. Furthermore, Triplett and his family members are not entitled to any fees and expenses for nonprofessional service in relation to this case. See, generally, *Costakos v. Costakos* (Sept. 30, 1993), Franklin App. No. 93AP–19, unreported, 1993 WL 387068.

This cause is remanded to the trial court for an evidentiary hearing at which Triplett is entitled to establish that fees paid to Kirkwood, DeSanto, Douglas,

Heier, and Noga were appropriate attorney fees. He is likewise entitled to present evidence supporting payment of fees to Metzger and Davis. Triplett is entitled to compensation for other jury fees, witness fees, attorney fees, and other actual expenses relating to the 1992 and 1995 trials if he presents competent, credible evidence to support payment.

■ The city has asked that we grant it judgment rather than remand this to the trial court. We are reluctant to do that. Although it may be well within the province of this court to grant judgment to the city for Triplett's failure to comply with discovery, we are not inclined to take that action at this time. That action is one left to the sound discretion of the trial court if Triplett continues to fail to provide appropriate evidence.

The city's assignments of error are sustained.

Triplett, in his *pro se* cross-appeal, sets forth five assignments of error:

"Error No. 1: Whether or not the parties to an eminent domain action that have both demanded a jury under ORC Chapter 163. Eminent Domain, can waive or not allow the other party to not have a fact finding jury to determine how much the costs and expenses are allowable under ORC 163.21.

"Error No. 2: Whether or not a trial court and or jury must consider the unpaid and accrued expenses and costs of a defendant that is the subject ORC 163.21. And whether or not these said expenses and costs must be added into the various three categories if the findings establish they are allowable in order to make the defendant financially whole again. The three categorys [*sic*] are defendant's expenses (1) if plaintiff has the legal right to take property under the law, and (2) is the reason behind the taking a public purpose, and (3) is the price offered for the land a fair price.

"Error No. 3: Whether or not defendant is allowed to go many years back before the filing of the legal action to recover his expenses and costs, when plaintiff takes approximately 10 years before filing a legal action to take the property under ORC Chapter 163, Eminent Domain? Whether or not plaintiff reasonably should or should not have taken more than one or two years before filing the action under ORC Chapter 163 when they knew there were no funds to take the property(ies) when the project began?

"Error No. 4: Whether or not a trial court judge abuses its discretion in an ORC 163.21 hearing by hearing fact evidence on attorney fees that are the subject of another case and that other case has not been joined into the ORC 163 case. And this other case has a jury demand and the ORC 163 case is not observing the other cases' jury requirements.

"Error No. 5: Whether or not a trial court abuses its discretion in due process by calling several status conferences and never has a hearing, but reads and

hears evidence to prove or disprove expenses and costs under ORC 163.21 in these status conferences?  Or whether or not the parties received due process under ORC 163.21 by this limited due process proceeding?  That is, several status conferences are held supposedly under Franklin County Common Pleas— General Division, Rule 31, Pre Trial procedure, but no trial was ever intended by the trial court when the status conferences were noticed to the parties."

Triplett's second, third, fourth, and fifth assignments of error are made moot by our determination regarding the city's assignments of error.

■ Triplett's first assignment of error is overruled.  R.C. 163.21(A)(2) requires that the court, not a jury, determine the judgment for costs, fees, and expenses pursuant to an evidentiary hearing.  That matter was affirmed in *AAAA Enterprises, supra,* and no legal basis exists to support Triplett's argument.  This assignment of error is overruled.

The city's assignments of error are sustained.  Triplett's first assignment of error is overruled, and his second, third, fourth, and fifth assignments of error are moot.  We reverse the trial court's judgment and remand this cause to the trial court for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

PETREE and REILLY, JJ., concur.

ARCHER E. REILLY, J., retired, of the Tenth Appellate District, sitting by assignment.